Renato Reyes **RAVELO**, Petitioner,

v.

Alberto R. **GONZALES,*** Attorney General, Respondent.

No. 04–71022.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.**

Decided June 29, 2005.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Armando G. Salazar, Esq., Law Offices of Armando G. Salazar, San Jose, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Mary Jane Candaux, Esq., Anh–Thu P. Mai, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM ***

Renato Reyes Ravelo, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. The Board summarily affirmed the decision of the Immigration Judge without opinion. We review the IJ's decision as the final agency determination. *Singh v. Gonzales,* 403 F.3d 1081, 1083 (9th Cir.2005). We have jurisdiction pursuant to 8 U.S.C. § 1252(b), and we deny the petition.

Substantial evidence supports the IJ's finding that Ravelo's testimony regarding

*** This disposition is not appropriate for publication and may not be cited to or by the

alleged threats and incidents of mistreatment were vague and nonresponsive. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999). The IJ's conclusion that Ravelo documented only one kidnapping in a written declaration, but testified to a second kidnapping for the first time at the hearing when confronted with inconsistencies in his testimony, constitutes a specific and cogent reason to question Ravelo's credibility. *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254–55 (9th Cir.2003). A reasonable finder of fact would not be compelled to conclude that Ravelo's testimony was credible.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.